UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER R. COX, SR.  (#514283)

VERSUS                                                              CIVIL ACTION

STATE OF LOUISIANA, ET AL                              NUMBER 07-768-JVP-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 12, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WALTER R. COX, SR.  (#514283)

VERSUS                                                           CIVIL ACTION

STATE OF LOUISIANA, ET AL                            NUMBER 07-768-JVP-DLD


### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed on behalf of defendants Richard L. Stalder and Burl Cain.  Record document number 11.  The motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, former Gov. Kathleen Blanco, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder and Warden Burl Cain.  Plaintiff alleged that unidentified Admissions Unit (AU) personnel assigned him to an extended lock down unit for no apparent reason in violation of his constitutional rights.

Defendants Richard Stalder and Burl Cain moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other  Federal law, by a prisoner confined in

---

[1] Record document number 13.

>any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the

---

[2] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Plaintiff alleged that on April 2, 2007, he was transferred from Hunt Correctional Center to the state penitentiary where unidentified admissions personnel assigned him to an extended lock down unit rather than a general population unit for no apparent reason.

Plaintiff named Secretary Stalder and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff named the state of Louisiana and former Gov. Blanco as defendants.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Under the Eleventh Amendment to the United States Constitution, an unconsenting

state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Plaintiff named Gov. Blanco as a defendant but failed to allege any facts against her. *See Lozano v. Smith*, *supra*.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]

---

[3] Section 1915 of Title 28 was amended to add subsection (g) which provides the following:
 (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted and the claims against them be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further recommended that the claims against the State of Louisiana and Gov. Kathleen Blanco be dismissed pursuant to  28 U.S.C. § 1915(e)(2)(B)(i) and this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 12, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**